**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                                    |   |                        |
|------------------------------------|---|------------------------|
| **UNITED STATES OF AMERICA,**      | ) |                        |
|                                    | ) |                        |
| **Plaintiff,**                     | ) |                        |
|                                    | ) |                        |
| **v.**                             | ) | **Case No.  07-20018-JWL** |
|                                    | ) |                        |
| **AARON L. JACKSON,**              | ) |                        |
|                                    | ) |                        |
| **Defendant.**                     | ) |                        |
|                                    | ) |                        |

**MEMORANDUM AND ORDER**

Defendant Aaron Jackson pleaded guilty to conspiracy to distribute or possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base ("crack") (docs. 207, 208).  In the plea agreement, Mr. Jackson waived "any right to challenge his conviction and/or sentence or the manner in which the sentence was determined in any collateral attack, including, . . . a motion brought under Title 18, U.S.C. § 3582(c)(2)" (doc. 208).

The United States Probation Office prepared a presentence report (PSR), explaining that Mr. Jackson participated in a drug trafficking conspiracy between early 2004 to May 18, 2004, during which the conspiracy was responsible for distributing at least one kilogram of cocaine base each month.  Based on that determination, Mr. Jackson was attributed with distribution of at least 1.5 kilograms but less than 4.5 kilograms of cocaine base, the threshold quantities yielding base offense level 36 under

the United States Sentencing Commission, Guidelines Manual (2008).  The base offense

level of 36, along with a 3-level adjustment for acceptance of responsibility, yielded a

total offense level of 33.  With a criminal history category of III and other motions

granted by the court, Mr. Jackson was subjected to an advisory guideline range of 135

to 168 months imprisonment.  He received a sentence of 135 months on July 22, 2009

(doc. 288).

Mr. Jackson has now filed a Motion for Retroactive Application of Sentencing

Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 363), in which he requests (1) the

court reduce his sentence pursuant to § 3582 and (2) the court appoint him counsel.  For

the reasons set forth below, Mr. Jackson's request for § 3582 relief is granted and his

request for counsel is dismissed as moot.

## ANALYSIS

**1.  18 U.S.C. § 3582(c)(2)**

Mr. Jackson seeks relief pursuant to 18 U.S.C. § 3582 based on Amendment 750

to the United States Sentencing Guidelines (doc. 363).  Before addressing the merits of

Mr. Jackson's eligibility for relief, the court must first resolve a procedural concern.

*A.  Waiver*

Mr. Jackson signed a plea agreement that included a waiver of his right to seek

a sentence reduction under § 3582(c)(2). The Government has not raised this waiver as

a bar to this court's resolution of his § 3582 motion, however, and the court will not raise

the issue *sua sponte*.  *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th

Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos-Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).

Therefore, the court may consider Mr. Jackson's motion without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

*B.  Change in Applicable Guideline Range*

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In *Dillon v. United States*, the Supreme Court articulated a two-step inquiry to determine whether a defendant is eligible for a sentence reduction pursuant to § 3582(c)(2). 130 S. Ct. 2683 (2010). First, the sentencing court must determine that a reduction is consistent with the policy statement set forth in § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2)(B) provides that a reduction is not authorized if the retroactive amendments do not have the effect of lowering the

applicable guideline range.

Here, Mr. Jackson seeks a reduction in his sentence under Amendment 750 to the United States Sentencing Guidelines. As relevant to the defendant's motion, Amendment 750 "altered the drug-quantity tables in the [Sentencing] Guidelines, 'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the [Fair Sentencing Act of 2010].'" *United States v. Osborn*, 2012 WL 1890083, at *1 (10th Cir. May 25, 2012) (quoting *United States v. Curet*, 670 F.3d 296, 309 (1st Cir. 2012)). Mr. Jackson is eligible for § 3582 relief because there is nothing in the record to show that had Amendment 750 been in place at the time of his sentencing, an amended guideline would be not have been applicable to the defendant.

To clarify, the PSR found that Mr. Jackson participated in a drug trafficking conspiracy between early 2004 and May 2004, and the conspiracy was responsible for distributing at least 1 kilogram of cocaine base each month. Based on that information, the PSR found Mr. Jackson responsible for at least 1.5 kilograms, but less than 4.5 kilograms of cocaine base, the threshold quantity yielding base offense level 36 at the time of Mr. Jackson's sentencing. No additional information regarding drug quantities was presented at sentencing. Based on the record, the court cannot find the defendant accountable for at least 2.8 kilograms but less than 8.4 kilograms of cocaine base, the

threshold quantity for base offense level 36 under the amended guidelines.[1]  *See* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2011).

Applying the drug quantity table set forth in U.S.S.G. § 2D1.1 as altered by Amendment 750, the defendant receives a base offense level of 34.  The court determines Mr. Jackson's amended guideline range by "substituting only the amendment listed in subsection (c) for the corresponding guidelines provisions. All other application decisions remain intact." § 1B1.10 n.2.  As such, the defendant's base offense level of 34, along with a 3-level adjustment for acceptance of responsibility, yields a total offense level of 31.  With a criminal history category of III and other motions granted by the court, Mr. Jackson's amended guideline range is 108 to 135 months imprisonment.

As Amendment 750 has the effect of altering Mr. Jackson's advisory guideline range,  he is eligible for a sentence reduction pursuant to § 3582.  Pursuant to the policy statement set forth in § 1B1.10(b)(2), his sentence may be reduced by as much as twenty-seven months, i.e., to one hundred eight months, the minimum amended Guidelines range.

*C.  § 3553 Factors*

After determining that Mr. Jackson is eligible for a sentence reduction pursuant

---

[1] The case here is distinguishable from the reasoning in *United States v. Battle*, No. 97-40005, 2011 WL 6934114 (D. Kan. Dec. 30, 2011).  In *Battle*, the court determined the defendant's drug quantity for purposes of a § 3582 motion based on an additional quantity calculation from findings and evidence adopted at the original sentencing. Here, apart from the PSR and the parties' submissions, no additional information regarding drug quantities was presented at the original sentencing.

to § 3582, the second step of the *Dillon* inquiry requires that the sentencing court "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

The Court has reviewed the PSR, the parties' submissions, and the sentencing transcript. At Mr. Jackson's sentencing, the Court was clearly in the frame of mind that if Mr. Jackson became eligible for a § 3582 sentence reduction based on action by Congress to reduce the crack-to-powder ratio, the Court would grant Mr. Jackson's motion. Mr. Jackson has not engaged in behavior after his sentencing to change the Court's position on this matter.

After careful consideration of the factors listed in 18 U.S.C. § 3353(a), the court finds that Mr. Jackson's motion for a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2) should be granted, and his sentence should be reduced to a term of imprisonment of one hundred eight months.

## 2. Request for Appointed Counsel

Mr. Jackson requests that the court appoint him an attorney to assist with his § 3582 motion. As the defendant's § 3582 motion has been granted by the court, his request for appointment of counsel is moot.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion

for retroactive application of the sentencing guidelines (doc. 363) is granted, and Mr.

Jackson's term of imprisonment is reduced to one hundred eight months.

**IT IS FURTHER ORDERED BY THE COURT** that defendant's

request for appointed counsel (doc. 363) is moot.


**IT IS SO ORDERED** this 29th day of June, 2012.


*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge